CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ABDUL MU'MIN, ) | |
|     Plaintiff, ) | Civil Action No. 7:25cv302 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| MRS. C. D. COOK, ) | By:  Robert S. Ballou |
|     Defendant. ) | United States District Judge |

Plaintiff Abdul Mu'min, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, alleging "continued unlawful detention, due process violations, political discrimination, Equal Protection Clause violations, liberty interests (sic) violations, cruel and unusual punishments" and religious discrimination, among others. (Dkt. No. 1 at 3, 5, 7.) Mu'min also filed a Motion to Proceed *in forma pauperis* (Dkt. No. 2), which the court previously granted (Dkt. No. 11, ¶ 1). The defendant has filed a Motion to Dismiss and to Revoke Mu'min's *in forma pauperis* status, which I must grant for the reasons stated below.

Under the provisions of the Prison Litigation Reform Act, an inmate may not proceed with a lawsuit such as this one without prepayment of the entire filing fee when he has had three or more prior cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court previously advised Mu'min of this limitation on filing. (Dkt. No. 4, ¶ 5.)   Defense counsel has provided information to the court, confirmed by examining its records, that Mu'min previously had four prior matters dismissed as frivolous or for failing to state a claim for which relief may be granted, albeit some of his prior cases were

filed under his previous name, Travis Jackson Marron.[1]  Accordingly, I will revoke his IFP status.

In his current Complaint, Mu'min has alleged in conclusory fashion that he is "forced to live with inmates who endanger his life" and he "fears being harmed and/or killed." (Dkt. No. 1, pp. 19-20.)  In his Motion for Preliminary Injunction, he seeks immediate release from confinement because of prison conditions, including "violent acts, deaths, etc., by other inmates Abdul Mu'min is forced to live with."  These allegations do not satisfy the "imminent danger of serious physical injury" required to avoid prepayment of his filing fees.  The "imminent danger" exception to the three-strikes rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing," and a threat "is real and proximate" to the alleged official misconduct.  *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).  "Vague, speculative, or conclusory allegations are insufficient to invoke" the imminent danger exception.  *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006).

While some sources suggest that prison life, in general, is increasingly dangerous,[2] that risk exists for any inmate in prison and for any staff person who works in a prison.  If exposure to general risks applicable to everyone in prison were considered "imminent danger," the exception would swallow the rule.  A plaintiff must allege specific facts sufficient to show a serious, objective risk of serious injury to him that is imminent.  Imminent means immediate.  The dictionary defines imminent as "likely to occur at any moment" (Dictionary.com) or "happening soon" (MerriamWebster.com).  Mu'min has failed to allege any facts showing an

---

[1] *See Marron v. Bassett*, No. 7:06cv00695 (W.D. Va. Nov. 30, 2006); *Marron v. Miller*, No. 7:13cv00338 (W.D. Va. June 24, 2014); *Mu'min v. Kincaid*, No. 7:13cv00588 (W.D. Va. Feb. 14, 2014); *Mu'min v. Clarke*, No. 7:19cv00194 (W.D. Va. July 2, 2019).

[2] *See* Prison Policy Initiative, *New Data: State Prisons are Increasingly Deadly Places* (June 8, 2021), http://www.prisonpolicy.org/blog/2021/06/08/prison_mortality

immediate risk of serious physical injury to himself. The narrow exception to § 1915(g) does not apply.

Failure to pay the filing fee in full at the time the suit was initiated requires dismissal. "[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g)." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). If a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally "must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 619 (4th Cir. 2013).

Because Mu'min has not prepaid the filing fee in full nor demonstrated that he is "under imminent danger of serious physical injury," I will grant the defendant's motion (Dkt. No. 31) and dismiss Mu'min's Complaint without prejudice under 28 U.S.C. § 1915(g). Mu'min's Motion for Preliminary Injunction and the Defendant's other pending Motion to Dismiss will be rendered moot by dismissal of the Complaint. An appropriate order will be entered.

Entered: November 6, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge