CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 22, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| ABDUL MU'MIN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:25cv00302 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MRS. C. D. COOK, | ) | By: Robert S. Ballou |
|     Defendant. | ) | United States District Judge |

Abdul Mu'min, a Virginia inmate proceeding *pro se*, previously filed a civil rights action under 42 U.S.C. § 1983, which the court dismissed without prejudice on November 6, 2025 (Dkt. No. 35) pursuant to 28 U.S.C. § 1915(g) for failure to pay the required filing fee at the time he filed his Complaint. Plaintiff filed a Motion for Rehearing En Banc, which the court construes as a Motion for Reconsideration under Rule 59(e), as district courts do not hold en banc rehearings.

Rule 59(e) motions will be granted in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006). Mu'min has not argued that any new controlling law came into effect after entry of the court's final order, nor has he introduced new evidence that was not available at trial. He bases his motion on "manifest injustice."

In support of his claim of manifest injustice, Mu'min incorporates by reference "all his previous filings" in all of the cases since his original conviction Augusta County Circuit Court, including that the defendants at some time were in default under Virginia Supreme Court Rule 1:14. Those prior cases, however, are irrelevant to the judgment entered in this civil rights case, entered on procedural grounds, without prejudice to Mu'min's right to refile.

The Prison Litigation Reform Act regulates the circumstances under which a *pro se* prisoner may proceed *in forma pauperis*, which allows the prisoner to pay court filing fees on a schedule instead of in full at the beginning of the lawsuit. *Pitts v. South Carolina*, 65 F.4th 141, 143 (4th Cir. 2023); *see also* 28 U.S.C. § 1915. However, a prisoner may not proceed *in forma pauperis* if he has previously filed three complaints dismissed for failure to state a claim or dismissed as frivolous or malicious. The statute states that a prisoner may not proceed under the *in forma pauperis* statute, § 1915, if:

> [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mu'min disagrees with the court's decision that he is not under imminent danger of serious physical injury, but his arguments on the issue in the motion for reconsideration do not assert new facts or facts that were not available to him at the time he filed his original complaint. He objects to the court entering its dismissal order a day after the Motion to Dismiss was filed, without giving him a chance to object. But for Mu'min's legal name change, the court would have realized when the case was first filed that it was subject to immediate dismissal, but his prior name, Travis Marron, did not come up in a database search for Mu'min. Had the court recognized that Mu'min already had more than three prior "strikes," the case never would have been served on the defendant. It would have been dismissed without prejudice on the same ground it was ultimately dismissed upon. Mu'min was advised in the initial conditional filing order that he could not proceed without paying the full fee up front if he were determined to be a "three-striker." Dkt. No. 4, ¶ 5.

It appears to this court that Mu'min was well aware of his status as a "three-striker."  He attempted to bypass the PLRA requirement of having payments deducted from his trust account by scratching out that provision on his consent form.  When told that he had to sign the consent form without modifying it (Dkt. No. 6), he did so but continued mailing small partial payments to the Clerk's office.  In his current motion, he argues that he should have been allowed to keep making payments until the fee was paid and then proceed with the lawsuit.  As reasonable as that might sound, it is contrary to the express provisions of the PLRA where he has had three or more cases (or appeals) "dismissed on the grounds that [they were] frivolous, malicious, or faile[ed] to state a claim upon which relief may be granted." Unless a prisoner qualifies to proceed under § 1915, the default position is that the full fee must be paid when the Complaint is filed.  *Green v. Young*, 454 F.3d 405, 407–08 (4th Cir. 2006) (explaining the three-strikes provision).  By the express terms of § 1915(g), an inmate with three or more prior strikes cannot proceed under § 1915 and must pay the filing fee in full at the beginning of the case.

Finding that Mu'min has failed to show a change in intervening law, existence of new evidence that was not available before entry of the judgment, or "manifest injustice," I will deny his motion for reconsideration.

Enter:  April 22, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge